**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LIONEL RIVIERE,**
                            **Petitioner,**

      **vs.**                                                **1:05-CV-0906**

**UNITED STATES OF AMERICA,**
                            **Respondent.**
_____

**Thomas J. McAvoy,**
**Senior U.S. District Judge**

## DECISION & ORDER

**I. Introduction**

      Petitioner Lionel Riviere filed a motion pursuant to 28 U.S.C. § 2255 seeking to have his sentence and conviction vacated. Petitioner alleges: (1) the Court's failure to inform him that automatic deportation was a consequence of pleading guilty to an aggravated felony deprived him of his rights under both the Constitution and Fed. R. Crim. P. 11(b) and; (2) Defense counsel's failure to inform Petitioner of the automatic deportation constitutes the ineffective assistance of counsel. By Decision & Order dated October 14, 2005 (Dkt. No. 5), the Court found that there was no violation of Rule 11 or the Constitution because of the Court's failure to advise Petitioner of the immigration consequences of a guilty plea. The Court further held that an evidentiary hearing was required to ascertain whether the petition was timely and, if so, whether Petitioner received the ineffective assistance of counsel. The evidentiary hearing was held on November 9, 2005, at which

time Petitioner and his former attorney presented testimony.

## II. Discussion

Based on the testimony presented at the hearing, the Court finds that, on or about June 20, 2000, Petitioner was informed by his attorney (hereinafter "Counsel") that, if he pleaded guilty to the charged crimes, he would be deported unless there was a change in his immigration status. Counsel then telephoned INS to discuss the matter. Petitioner was present during the discussion. The INS agent represented that Petitioner would be eligible for a certificate of derivation because his parents had become naturalized citizens. The INS agent advised that Petitioner would need to complete a form and pay a fee.[1] Counsel advised Petitioner to consult an immigration lawyer to follow up on his immigration status. Counsel provided Petitioner with the name of at least one immigration attorney. Petitioner testified that he never contacted an immigration lawyer because he did not think he needed to in light of experiences by his siblings, he assumed everything would work out because his parents were citizens, and he did not have sufficient money to pay an immigration lawyer. Petitioner also did not personally follow up with INS to check into, or attempt to change, his immigration status. Approximately one month later, on July 27, 2000, Petitioner pleaded guilty to the charges against him.

### A.   Statute of Limitation

A one-year period of limitation applies to a motion filed under 28 U.S.C. § 2255. In this case, the one year period runs from the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Id. at sub. 4. Based on the testimony presented, the Court finds that Petitioner should have been aware of the

---

[1] Although unclear, it appears that the INS agent may have provided inaccurate advice.

facts supporting his claim as of July 2000.  Petitioner was informed by his attorney on June 20, 2000 that he would be deported unless there was a change in his immigration status.  By the time of his guilty plea, there was no change in his immigration status.  Accordingly, his petition, which was filed in July 2005, is untimely.

Petitioner claims that equitable tolling should apply and that the clock should run from the date he was arrested by INS.  Petitioner testified that, after sentencing, he was approached by an INS agent who stated that he might re-contact Petitioner in approximately six months (after his sentence).  Petitioner was not re-contacted by INS until they arrested him at a much later date.  According to Petitioner, the failure of INS to re-contact him until the date of his arrest led him to believe that there was no problem with his immigration status.  The Court disagrees.  In light of the information provided by Petitioner's lawyer, the INS during the June 20, 2000 telephone call (even if inaccurate), and the statement by an INS official that they may be re-contacting him, Petitioner had ample reason to question whether he was to be deported and whether he had received improper advice from Counsel.  Accordingly, the Court finds that equitable tolling does not apply.

**B.      Ineffective Assistance of Counsel under the Sixth Amendment**

Assuming this matter to be timely, the Court finds that Petitioner was not deprived of his Sixth Amendment right to the effective assistance of counsel.  Based on the testimony presented, it is clear that counsel made no affirmative misrepresentations to Petitioner.  Rather, counsel accurately informed Petitioner that he would be deported unless there was a change in his immigration status.  Counsel went the further step of contacting INS in Petitioner's presence.  Based on the information provided by INS, Counsel advised Petitioner to follow through with an immigration attorney and further provided Petitioner with the name of at least one immigration

attorney.  This advice was not objectively unreasonable.  Strickland v. Washington, 466 U.S. 668, 697 (1984).

The Court further finds that Petitioner has failed to establish the second prong of the Strickland test.  It was made clear at the hearing that the government had substantial evidence against Petitioner.  Petitioner admitted that he felt constrained to plead guilty to the charges to get the benefit of a reduced sentence.  Although Petitioner later testified that he would not have pleaded guilty if he knew deportation was a certainty, based on the above discussion that Petitioner reasonably should have known that deportation was a certainty absent a change in his immigration status, he has failed to establish that he would not have entered a guilty plea if he had been advised of the certainty of deportation.

**C.  Conclusion**

For the foregoing reasons, the petition pursuant to 28 U.S.C. § 2255 is DENIED.

**IT IS SO ORDERED.**

Dated: November 9, 2005

Thomas J. McAvoy
Senior, U.S. District Judge